United States District Court
Southern District of Texas
**ENTERED**
November 02, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TANGLEGROVE TH CONDO ASSOCIATION, § § § | |
| Plaintiff. § | |
| § | CIVIL ACTION NO. 4:23-cv-01135 |
| V. § § | |
| JOURNEY INSURANCE COMPANY, § § | |
| Defendant. § | |

## OPINION AND ORDER

This is an insurance dispute. Plaintiff Tanglegrove TH Condo Association ("Tanglegrove") has sued Defendant Journey Insurance Company ("Journey"), alleging that Journey has failed to pay covered damages caused by wind and hail to a piece of property owned by Tanglegrove as required by the insurance policy at issue ("the Policy").

Pending before me are two motions: (1) Plaintiff's Motion for Partial Summary Judgment for Violation of Chapter 542 of the Texas Insurance Code (Dkt. 9); and (2) Defendant's Motion to Compel Appraisal and Abate ("Motion to Compel Appraisal") (Dkt. 16). I will address each motion separately.

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Tanglegrove seeks partial summary judgment, asking me to hold as a matter of law that Journey has violated Chapter 542 of the Texas Insurance Code—known as the Texas Prompt Payment of Claims Act ("TPPCA")—by failing to timely investigate and pay Tanglegrove's covered damages.

"The TPPCA . . . imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812 (Tex. 2019). Relevant here,

> The [TPPCA] provides that an insurer, who is "liable for a claim under an insurance policy" and who does not promptly respond to, or pay, the claim as the statute requires, is liable to the policy holder or beneficiary not only for the amount of the claim, but also for "interest on the amount of the claim at the rate of eighteen percent a year as damages, together with reasonable attorney's fees."

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 16 (Tex. 2007) (quoting TEX. INS. CODE § 542.060(a)).

"To prevail under a claim for TPPCA damages under section 542.060, the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim." *Barbara Techs. Corp.*, 589 S.W.3d at 813. "If the insured fails to establish either that the insurer is liable for the claim or that the insurer failed to comply with a provision of the TPPCA, the insured is not entitled to TPPCA damages." *Id.*

At this juncture, Tanglegrove is not entitled to a partial summary judgment on its TPPCA claim because it has not established that Journey is liable under the Policy. The Policy contains a $50,000 deductible. That means that covered damages must exceed $50,000 for Journey to be liable under the Policy. As Journey correctly notes: Tanglegrove "offers no evidence or argument that [Journey] found—or that [Tanglegrove] suffered—covered damages sufficient to require payment under the Policy." Dkt. 17 at 10 (emphasis omitted). I am not holding that Tanglegrove cannot or will not offer evidence demonstrating that the covered damages exceed $50,000 sufficient to trigger coverage. I am simply observing that the present summary judgment record is devoid of any evidence establishing the amount of covered damages to which Tanglegrove is entitled. Without such evidence, I am unable to hold that Journey is liable under the Policy. *See Barbara Techs. Corp.*, 589 S.W.3d at 817 ("[T]he TPPCA's . . . requirements culminate in a determination either that the claim is covered and the amount of loss exceeds the deductible, in which case the insurer must notify the insured that it will pay the claim, or that the claim is rejected, in which case the insured must

notify the insured of the reasons."). As such, Tanglegrove's request for a partial summary judgment must be denied.

## MOTION TO COMPEL APPRAISAL

In its Motion to Compel Appraisal, Journey requests that I abate this case in its entirety until an appraisal is completed as provided by the Policy. Tanglegrove strongly opposes the requested relief, arguing that Journey has waived its right to demand appraisal.

**A.    THE APPRAISAL CLAUSE AT ISSUE**

The Policy contains an appraisal clause, which provides that if Tanglegrove and Journey "fail to agree on the amount of the loss, . . . any party may demand an appraisal of the loss in writing for disputes greater than $500." Dkt. 16-1 at 1. Each side will choose "a competent and impartial appraiser." *Id.* at 2. The two appraisers will select an umpire. At that point,

> [t]he appraisers will separately set the amount of the loss, including a description of each item of damaged Covered Property in dispute and the extent of the damage to each item of damaged Covered Property, amount to repair or replace each item of damaged Covered Property, the actual cash value and replacement cost of each item of damaged Covered Property, and a disclosure of any referral fees that are, in any way, associated with the claim.

*Id.* If the appraisers agree, "the amount agreed upon will be the amount of the loss." *Id.* If the appraisers are unable to agree, the umpire gets involved. "A decision agreed to by any two will set the amount of the loss." *Id.*

The Policy also contains a "no action" clause, which provides that "no one may bring a legal action against [Journey] under this [Policy] unless . . . [t]he parties have participated in Appraisal as outlined in the **Appraisal** Condition." *Id.* at 1.

On July 11, 2023, Journey's counsel invoked appraisal in a letter addressed to Tanglegrove's counsel. *See* Dkt. 16-8 at 1 ("Please be advised that, as we discussed in today's call, **our client Journey Insurance has instructed us to**

3

**invoke appraisal in the above-referenced claim pursuant to the appraisal clause**.").

**B.  LEGAL STANDARD**

"Appraisal clauses, a common component of insurance contracts, spell out how parties will resolve disputes concerning a property's value or the amount of a covered loss." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405 (Tex. 2011). Because "[a]ppraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings," *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009), "[a]ppraisals can provide a less expensive, more efficient alternative to litigation." *Universal Underwriters*, 345 S.W.3d at 407. For this reason, the Texas Supreme Court has expressed a strong policy in favor of enforcing appraisal clauses in insurance contracts, holding that appraisals "should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 895.

Although appraisal "clauses are generally enforceable," they can, like any other contractual provision, be waived. *Universal Underwriters*, 345 S.W.3d at 407. Waiver is the "intentional relinquishment of a known right" which may "occur either expressly, through a clear repudiation of the right, or impliedly, through conduct." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015) (quotation omitted). Implied waiver "is largely a matter of intent, and for [it] to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). To establish that Journey has waived its right to appraisal, Tanglegrove must demonstrate that: (1) the parties have reached an impasse; (2) after reaching an impasse, Journey did not invoke appraisal within a reasonable time; and (3) Tanglegrove will suffer prejudice as a result of the delay. *See Universal Underwriters,* 345 S.W.3d at 407–412.

**C.   WAIVER**

I will examine, one-by-one, the elements necessary to establish waiver of the relevant appraisal provision.

**1. The Date of Impasse**

The Texas Supreme Court has explained that an impasse occurs when the parties reach "a mutual understanding that neither [party] will negotiate further." *Id.* at 410. Put another way, there is an impasse when "both parties [become] aware that further negotiations would be futile." *Id.* at 409. "If one party genuinely believes negotiations to be ongoing, it cannot have intended to relinquish its right to appraisal (unless it expressly waives it)." *Id.*

There is a fundamental disagreement as to the date the parties reached an impasse. Tanglegrove contends, in the alternative, that an impasse occurred either (1) "in April and June of 2022 when [Journey] rejected [Tanglegrove]'s engineer's findings and its public adjuster's estimate"; or (2) on October 11, 2022 when Tanglegrove sent a notice letter to Journey. Dkt. 21 at 2. Journey maintains that the date of impasse is June 21, 2023—the date the parties unsuccessfully mediated this dispute.

Let me first address the notion that an impasse occurred in April 2022. Tanglegrove points to an April 21, 2022 letter that Journey sent to Tanglegrove, rejecting the concept that hail resulted in damage to Tanglegrove's property. That letter, by itself, does not establish that the parties had reached a point where both sides understood that further negotiations would be futile. The record is replete with evidence that that both parties continued to engage in good-faith negotiations aimed at reaching an amicable resolution of this dispute well after April 2022. For example, Tanglegrove submitted a further demand letter to Journey on June 21, 2022. This fact, in and of itself, demonstrates that Tanglegrove remained open to continued negotiations. "Ongoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand appraisal." *Universal Underwriters*, 345 S.W.3d at 408. April 2022 is not the date of impasse.

5

As far as Tanglegrove's contention that an impasse occurred in June 2022, I do not understand the argument. There is nothing in the record before me that remotely suggests the parties had reached a mutual understanding by June 2022 that further negotiations would be futile. Tanglegrove did send a June 21, 2022 demand letter to Journey. But the date Tanglegrove sent the demand letter is certainly not the date an impasse was reached. *See In re Acceptance Indem. Ins. Co.*, 562 S.W.3d 655, 661 (Tex. App.—San Antonio 2018, no pet.) (A "demand letter is not proof of an impasse because sending such a letter is intended to encourage settlement, which implies further negotiation."). On July 22, 2022, Journey responded to Tangelgrove's June 21, 2002 letter, stating that its investigation was continuing and that it was "in the process of retaining general contractor(s) for additional information regarding the wind damage." Dkt. 16-7 at 2. Journey then re-inspected the property in August 2022. It naturally follows that June 2022 is not the date of impasse.

Next, Tanglegrove argues that an impasse occurred on October 11, 2022. That is the date Tanglegrove's counsel sent a notice letter to Journey pursuant to the pre-suit notice requirements of Chapter 542A of the Texas Insurance Code. Chapter 542A requires a plaintiff intending to assert a claim under the statute to give the defendant 60 days pre-suit notice. *See* TEX. INS. CODE § 542A.003. The purpose of this statutory requirement is "to discourage litigation and encourage settlements of consumer complaints by assuring [insurers] have time to assess the situation and make a settlement offer." *Newcrestimage Holdings, LLC v. The Travelers Lloyds Ins. Co.*, No. 2:23-cv-39, 2023 WL 6849999, at *3 (N.D. Tex. Oct. 17, 2023) (quotation omitted). Merely sending the pre-suit notice "does not inherently signal that the parties have mutually concluded that all future settlement negotiations would be futile." *In re Ooida Risk Retention Grp., Inc.*, 475 S.W.3d 905, 912 (Tex. App.—Fort Worth 2015, no pet.). But what is particularly telling here is that Journey did not respond to the pre-suit notice. At all. Journey could have easily sent back a letter stating that it was still investigating the matter,

6

that it wanted to engage in future negotiations, or that it wanted to re-inspect the property at issue.

On this last point, § 542A.004 specifically allows a person who receives a Chapter 542A pre-suit notice letter 30 days to request the opportunity to inspect the property that is subject of the claim. *See* TEX. INS. CODE § 542A.004. Journey made no such request. By not responding to the pre-suit notice, Journey certainly gave the impression that future settlement negotiations would be futile. Having not received a response to its notice letter for more than 60 days, Tanglegrove went ahead and filed its lawsuit against Journey on December 14, 2022.

Based solely on the facts as set forth above, I would find that the date of impasse occurred on the date Tanglegrove filed its lawsuit—December 14, 2022. But there is one additional fact that significantly alters the legal landscape: the parties mediated this case on June 21, 2023. The mediation was not court-ordered, but rather a joint decision by the parties to sit down in an attempt to iron out their differences and resolve this litigation once and for all. "[A]ny argument that [Tanglegrove] believed that the parties were at an impasse [at the time it filed suit against Journey] is belied by the fact that the parties entered mediation following the filing of this suit." *Hamorsky v. Allstate Vehicle & Prop. Ins. Co.*, 455 F. Supp. 3d 292, 298 (E.D. Tex. 2020); *see also McCrackin v. Meridian Sec. Ins. Co.*, No. 4:22-cv-02430, 2023 WL 4139024, at *3 (S.D. Tex. June 22, 2023) ("[T]his Court concludes that failed mediation represents the point of impasse at which the parties mutually understood that they could negotiate on the amount of loss no further."). I thus find that the point of impasse occurred on June 21, 2023—the date that mediation failed.

### 2. Invocation of Appraisal Within a Reasonable Time

Having concluded that impasse occurred on June 21, 2023, I must now determine if Journey invoked appraisal within a reasonable time from that date. *See Universal Underwriters*, 345 S.W.3d at 408 ("[R]easonableness must be measured from the point of impasse"). This analysis is easy. Journey invoked

7

appraisal on July 11, 2023, a mere 20 days after the parties reached impasse. There is no doubt that 20 days represents a reasonable amount of time in which to assert appraisal rights. *See id.* at 410 (finding an insurer's request for appraisal "approximately one month after [the insured] sued" to be reasonable). This lawsuit is still in its infancy. Ample time exists to conduct appraisal and then litigate any remaining issues.

### 3. Prejudice

To establish waiver, I must find both unreasonable delay and prejudice. *See id.* at 411 ("[M]ere delay is not enough to find waiver; a party must show that it has been prejudiced."). Because I have found that Journey timely made its appraisal demand, I need not reach the issue of prejudice.

That said, even if I agreed with Tanglegrove that (i) the date of impasse was October 11, 2022; and (ii) Journey unreasonably delayed in invoking appraisal, Tanglegrove cannot demonstrate prejudice. "[P]rejudice to a party may arise in any number of ways that demonstrate harm to a party's legal rights or financial position." *Id.* Tanglegrove contends that it has been prejudiced because it "incurred nearly $20,000 in expenses in hiring experts including an engineer to support its coverage and causation positions." Dkt. 21 at 13. "The prejudice required, however, is prejudice *following* impasse and prior to invocation of the appraisal process, *i.e.,* prejudice caused by the insurer's unreasonable delay in invoking the process." *Ooida*, 475 S.W.3d at 912. The expenses Tanglegrove references in support of prejudice were all incurred *before* its proposed October 11, 2022 date of impasse, as evidenced by the dates of the various invoices—October 11, 2022 and April 2, 2022—and the dates of the activities described in those invoices. *See* Dkt. 21-10 at 1–2. Moreover, Tanglegrove is forced to admit that it "incur[red] these expenses," not as a result of Journey's purported delay in seeking appraisal, but rather "due to the requirements of Chapter 542A for notice and also to determine whether its contractor's opinions on the roof replacement, among other areas, were supported by legally sufficient evidence." Dkt. 21 at 13–14. Had

8

Journey invoked appraisal on October 12, 2022 (the day after Tanglegrove's proposed date of impasse), Tanglegrove would still have incurred the same expenses. In short, Tanglegrove has not shown that it has been prejudiced *following* October 11, 2022.

\* \* \*

In summary, I hold that Journey invoked its demand for appraisal within a reasonable time after the date mediation failed. Accordingly, Journey has not waived its right of appraisal.

### D.     ABATEMENT

Journey requests that I abate this lawsuit until appraisal is completed. Tanglegrove opposes that request, arguing that appraisal will not resolve all the issues between the parties.

As noted, the Policy contains a "no action" provision, requiring the completion of the appraisal process *before* the initiation of legal action. "[T]he 'no action' clause is a valid condition precedent to liability under [an insurance] policy." *Harville v. Twin City Fire Ins. Co.*, 885 F.2d 276, 279 (5th Cir. 1989). "In cases where the insurance policy contains a 'no action' clause, courts typically abate the litigation." *Hart Chestnutt, LLC v. Covington Specialty Ins. Co.*, 622 F. Supp. 3d 306, 316 (N.D. Tex. 2022); *see also U.S. Pecan Trading Co. v. Gen. Ins. Co. of Am.*, No. EP-08-cv-347, 2008 WL 5351847, at \*2 (W.D. Tex. Nov. 6, 2008) ("In the case of an insurer trying to enforce a condition precedent . . . a proper remedy is abatement—or a stay of the proceedings—rather than barring the claim."). I see no reason to deviate from this usual procedure. I will abate the case pending the resolution of appraisal.

### CONCLUSION

As explained above, I **DENY** Plaintiff's Motion for Partial Summary Judgment for Violation of Chapter 542 of the Texas Insurance Code (Dkt. 9), and **GRANT** Defendant's Motion to Compel Appraisal (Dkt. 16). This case is abated and administratively closed pending appraisal. The parties should notify me when

9

appraisal is completed so I may put in place a Docket Control Order to govern further proceedings.

SIGNED this 2nd day of November 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE